UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 13-10448-RGS

KENNETH KENROY MORRIS

v.

ERIC HOLDER, et al.

MEMORANDUM AND ORDER FOR TRANSFER

March 13, 2013

STEARNS, D.J.

For the reasons set forth below, that the clerk shall transfer this action to the United States District Court for the Northern District of Alabama and to terminate all pending motions from this Court's docket.

DISCUSSION

On February 19, 2013, Kenneth Kenroy Morris, filed his self-prepared Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Docket. The Petition is accompanied by a Motion for Leave to Proceed In Forma Pauperis. Id.

Petitioner, a native and citizen of Jamaica, alleges that he has been in immigration custody since January 30, 2012. He is now in custody of the Etowah County Sheriff in Alabama. He alleges that he was previously in custody of the Bristol County Sheriff in Massachusetts. He challenges his continued detention and seeks immediate release on the grounds that his continued detention is in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner alleges that (1) he has been detained since January 30, 2012, (2) he was ordered removed on June 16, 2012; and (3) his custody status was last reviewed on December 23, 2012. See Petition.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for

a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a) (writs of habeas corpus may be granted by the district courts "within their respective jurisdictions."). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 2724, 159 L. Ed. 2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494–495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In Padilla, the Supreme Court also noted the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. See Padilla, 542 U.S. at 435–36, n. 8. Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Here, Morris challenges his present physical confinement in a county jail located within the Northern District of Alabama. Notwithstanding that Morris was previously confined at the Bristol County Jail, because he is no longer confined within the District of Massachusetts, the Court is without jurisdiction over the present petition.

"Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ...." 28 U.S.C. § 1631; see also Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003) (unless the district court determines that it would not be in the interest of justice to do so, "transfer, rather than dismissal, is the option of choice.").

Here, the six-month presumptively reasonable period for removal efforts appears to have expired and the record is unclear concerning petitioner's last custody review. Thus, I conclude that transfer to the Northern District of Alabama is in the "interest of justice." Resolution of petitioner's Motion for Leave to Proceed In Forma Pauperis is left to the

transferee court to decide.

## ORDER

ACCORDINGLY, for the reasons stated above, this action is hereby TRANSFERRED to the United States District Court for the District of Alabama.

The Clerk is directed to transfer the action forthwith and to terminate all pending motions from this Court's docket.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE